MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, State Bar No. 211077
jhayashi@morganlewis.com
ALEXANDER L. GRODAN, State Bar No. 261374
agrodan@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER AL-CHAIKH, individually and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 11-CV-5646 PSG (PLAx)<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DUPLICATIVE ACTION**<br><br>Date: September 26, 2011<br>Time: 1:30 p.m.<br>Courtroom: 880 |

## I. INTRODUCTION

Defendant JPMORGAN CHASE BANK, N.A.[1] ("Defendant" or "Chase") seeks an Order dismissing this copycat action filed by Plaintiff Roger Al-Chaikh ("Plaintiff") because earlier-filed cases, involving the same putative class (Chase bank tellers) and the same legal claims (alleged failure to pay all wages due, provide meal and rest breaks, and reimburse employees for necessary business expenditures) are already pending in this Court: *Salazar v. JPMorgan Chase & Co.*, C.D. Cal. Case No. 11-CV-4294-PSG-PLAx ("*Salazar* action"), and *Hightower v. JPMorgan Chase Bank, N.A.*, C.D. Cal. Case No. 11-CV-1802-PSG-PLAx ("*Hightower* action").

Given that this action was filed several months after these earlier-filed actions, Chase seeks to dismiss the present action pursuant to the "first-to-file" rule or, alternatively, under the Court's inherent discretion to dismiss duplicative cases on its own docket. All elements of the first-to-file rule are satisfied -- the *Al-Chaikh* action was filed last, it involves identical parties (Chase tellers), and it involves identical claims. Indeed, each claim in the *Al-Chaikh* action is already pending before this Court in other actions and, accordingly, the Court should dismiss or stay this action.

## II. FACTUAL BACKGROUND
### A. The First Action: *Salazar v. JPMorgan Chase &Co.*

On February 17, 2011, plaintiff Carolyn Salazar filed a putative class action entitled *Salazar v. JPMorgan Chase & Co.*, in the Southern District of California, Case No. 3:11-cv-00337. Declaration of Carrie A. Gonell ("Gonell Decl.") ¶ 3; Ex Ex. 1. The *Salazar* complaint alleges, among other claims, that non-exempt tellers in California perform off-the-clock work, work through their meal and rest breaks,

---

[1] The Complaint improperly names "JPMorgan Chase Bank" as defendant. Plaintiff was not employed by JPMorgan Chase Bank, but by JPMorgan Chase Bank, N.A., and Defendant reserves all rights and defenses thereto.

1  and incur necessary business expenditures without reimbursement. Ex. 1, ¶¶ 36,
2  43, 45.
3        Salazar alleges that she worked as a teller and seeks to represent a putative
4  class of all current and former employees of Chase who worked in California as
5  "tellers." *Id.* ¶¶ 12, 13. On April 4, 2011, Plaintiff Salazar stipulated to transfer
6  her action to the Central District of California, where the action was subsequently
7  reassigned to this Court. *See Salazar* Dkt. Nos. 11, 16, 17. This Court was already
8  presiding over another class action involving Chase bank employees, *Hightower, et
9  al. v. JPMorgan Chase Bank, N.A.*, C.D. Cal. Case No. 11-CV-1802-PSG-PLAx.

10  **B.**     **The Second Action: *Hightower v. JPMorgan Chase Bank, N.A.***

11  Plaintiffs Evan Hightower and Ann Ross originally filed their class action
12  complaint, entitled *Hightower v. Washington Mutual Bank*, on March 2, 2011, in
13  the Central District of California, Case No. 11-CV-1802-PSG-PLAx. *See*
14  *Hightower* Dkt. No. 1. Plaintiffs Hightower and Ross later substituted JPMorgan
15  Chase Bank, N.A., as the named defendant. *See Hightower* Dkt. Nos. 5, 11.
16  Plaintiff Ross alleges that she worked as a teller and brought her claims on
17  behalf of "[a]ll current and former non-exempt employees of Chase who have
18  worked in California at a retail bank branch at any time since September 25, 2008."
19  Gonell Decl. ¶ 4, Ex. 2. The amended complaint alleges, among other claims, that
20  Chase required non-exempt employees to work off-the-clock and to work through
21  meal and rest breaks. Ex. 2, ¶ 52.

22  **C.**     **The Copycat Action: *Al-Chaikh v. JPMorgan Chase Bank***

23  On May 24, 2011, Plaintiff Roger Al-Chaikh filed his copycat action in the
24  Los Angeles Superior Court, Case No. BC462142. Gonell Decl. ¶ 5, Ex. 3. The
25  *Al-Chaikh* complaint alleges that tellers were required to perform off-the-clock
26  work, that they were required to work through their meal and rest breaks, and that
27  they were not reimbursed for all necessary business expenditures. ¶¶ 46, 52, 58.
28  On July 8, 2011, Chase removed this case to the Central District. *See Al-*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22587101

3

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ACTION

*Chaikh* Dkt. No. 1. On July 27, 2011, the case was reassigned to this Court as a related case.

### III. THIS COURT SHOULD DISMISS THE AL-CHAIKH ACTION UNDER THE "FIRST-TO-FILE" RULE.

This Court has discretion to dismiss the instant *Al-Chaikh* action under the "first-to-file" rule, because similar cases involving identical claims and parties are already pending before the Court.

In the Ninth Circuit, the first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) . This well-established rule allows a district court to dismiss the second action after declining jurisdiction. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir.1982) (dismissing later-filed case).

The underlying purposes of the first-to-file rule are to avoid duplicative litigation and promote judicial efficiency, which "should not be disregarded lightly." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998); *Alltrade, Inc. v. Uniweld Products*, 946 F.2d 622, 625 (9th Cir. 1991). The court that "first acquired jurisdiction should try the lawsuit and "no purpose would be served by proceeding with a second action." *Pacesetter*, 678 F.2d at 95. Accordingly, "unless compelling circumstances justify departure from this rule," the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later filed action." *Ward*, 158 F.R.D at 648-50.

The case for applying the first-to-file rule is most compelling where duplicative cases are pending before the same judge. Parties "generally have 'no

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

4

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ACTION

DB2/ 22587101

right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Latham Orthopedics Med. Group v. U.S.-Corp.*, 2010 WL 4585240, *2 (C.D. Cal. Nov. 2, 2010) (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)). Accordingly, a "district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action." Id. Moreover, the Ninth Circuit has held that appellate courts necessarily grant "an ample degree of discretion, appropriate for disciplined and experienced judges" when a district court has "duplicative suits contemporaneously pending on its docket". *Adams*, 487 F.3d at 692.

In the Ninth Circuit, district courts applying the first-to-file rule look to three threshold factors, all of which are met here: (1) the chronology of the actions (i.e., which action was filed first); (2) the similarity of the parties; and (3) the similarity of the issues. *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000). In this case, all three threshold factors have been met because the *Al-Chaikh* action was the last filed, the putative class in *Al-Chaikh* is identical or subsumed by the putative classes in the earlier actions, and the *Al-Chaikh* action alleges the same claims that have already been alleged in the *Salazar,* and *Hightower* actions.

### A. Chronology of Actions: *Al-Chaikh* Was Filed Last

The "chronology of actions" requirement for the first-to-file rule is met, because it is undisputed that the *Salazar* and *Hightower* actions were already pending when the *Al-Chaikh* action was filed. *See Salazar* Dkt. No. 1; *Hightower* Dkt. No. 1; *Al-Chaikh* Dkt. No.1.

### B. Similarity of Parties: The Parties Are Identical Or Substantially Similar

The "similarity of parties" requirement for the first-to-file rule is also met, because the putative class defined in the *Al-Chaikh* Complaint is identical to or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ACTION

DB2/ 22587101

subsumed by the putative classes in the earlier actions.

In a class or collective action, the putative classes, and not the class representatives, are compared. *Weinstein v. Metlife, Inc.*, No. C-06-4444 SI, 2006 WL 3201045 at *4 (N.D. Cal. Nov. 6, 2006) ("[I]t is the class, not the representative, that is compared."); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005) (under the first-to-file rule, plaintiffs in two separate actions are "substantively similar" where "both actions seek certification of the same collective class"). The first-to-file rule applies even if the first-filed action has not yet been certified as a class or collective action. *See Weinstein,* 2006 WL 3201045 at *5 (staying second action despite the fact that the first-filed action had not been certified).

Here, the putative class members in the *Al-Chaikh* action are identical to the putative class of tellers in the *Salazar* action. Moreover, the putative class in the *Hightower* action includes the teller class of the *Al-Chaikh* action. Thus, Plaintiff Roger Al-Chaikh, and every member of the class he seeks to represent, is already a member of the putative classes in the earlier-filed actions, and he meets the "similarity of parties" requirement.

### C.    Similarity of Issues: The Issues Are Substantially Similar

As set forth in detail above, the *Al-Chaikh* action alleges claims involving alleged off-the-clock work, meal-and-rest-break violations, and failure to reimburse necessary business expenses – each of which has been alleged in the earlier complaints. Accordingly, this aspect of the first-to-file rule is satisfied as well.

### D.    Equitable Considerations Do Not Warrant An Exception to the First-to-File Rule

In certain equitable situations, such as bad faith, anticipatory suit, and forum shopping – none of which exist here – some courts recognize exceptions to the first-to-file rule. *See Alltrade*, 946 F.2d at 628; *see also Meintz v. Regis Corp.*, 2010 WL 625338, *2 (S.D. Cal. Feb. 16, 2010) ("[U]nless a lawsuit was filed in bad faith,

1  was anticipatory, or involved forum shopping, courts should generally apply the
2  first to file rule"). None of these equitable exceptions apply here, because the *Al-*
3  *Chaikh* Action was not an anticipatory suit filed by Chase, but a lawsuit filed by
4  another Chase teller. Forum shopping is not present, because all of these cases are
5  currently in the same forum.
6  Indeed, equitable considerations weigh <u>in</u> <u>favor</u> <u>of</u> a dismissal. This Court
7  would waste judicial resources by adjudicating the common class claims in *Salazar*
8  and *Hightower*, only to repeat those efforts and adjudicate the exact same class
9  claims again. Thus, a dismissal would promote judicial efficiency and avoid
10 duplication of litigation.

## IV.   CONCLUSION

For the foregoing reasons, the Court should apply the first-to-file rule, or apply its discretion over its own docket, and dismiss or stay the instant *Al-Chaikh* action.

Dated:     August 10, 2011            MORGAN, LEWIS & BOCKIUS LLP

By /s/Carrie A. Gonell
   Carrie A. Gonell
   Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.